UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62056-CIV-COHN/SELTZER

WILLIAM MULLANEY,

        Plaintiff,

v.

ENDOGASTRIC SOLUTIONS, INC.,

        Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff William Mullaney's Motion to Remand to State Court [DE 9] ("Motion to Remand"). The Court has considered the Motion to Remand, Defendant Endogastric Solutions, Inc.'s Response [DE 17], and the record in this case, and is otherwise advised in the premises.[1]

### I. BACKGROUND

On August 12, 2011, Plaintiff brought this action in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. Complaint [DE 1 at 3-8]. Defendant was served on August 29, 2011. Notice of Removal [DE 1 at 1-2] ¶ 3. Thereafter, on September 19, 2011, Defendant removed the action to this Court based on diversity jurisdiction. See Notice of Removal. On September 26, 2011, Plaintiff filed his Motion to Remand based on lack of subject matter jurisdiction.

### II. DISCUSSION

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed.

---

[1] Plaintiff did not file a Reply, and the time for doing so has passed.

1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The instant case does not involve a question of federal law. Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement.").  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994).  There is no dispute that complete diversity exists in this case.  See Notice of Removal ¶¶ 6, 7; see also Mot. (disputing only amount in controversy).  The only dispute is whether the amount in controversy exceeds $75,000.

The party seeking to litigate in federal court bears the burden of establishing jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  A defendant may allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden.  Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010).

District courts must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)).  A defendant may introduce its own affidavits, declarations or other documentation to meet its burden, Pretka, 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).  Further, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal.  See Roe, 613 F.3d at 1063.

    Here, Plaintiff has made an unspecified demand for damages.  See Compl. ¶ 1 ("This action is for damages in excess of Fifteen Thousand Dollars and Zero Cents ($15,000.00), exclusive of interest, attorney's fees and costs.").  Thus, Defendant bears the burden of establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  See Williams, 269 F.3d at 1319.  In an effort to meet this burden, Defendant points to the allegations in the Complaint that Plaintiff underwent "surgical intervention that required additional life saving medical treatment," Compl. ¶ 19, and suffered "serious, permanent and disabling injuries," id. ¶ 21.  Such allegations, by themselves, are insufficient to meet Defendant's burden.  See Williams, 269 F.3d 1316 (finding allegations that plaintiff tripped on a curb and sustained permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced a diminished earnings capacity were not sufficient to support the defendant's contention, by a preponderance of the evidence, that the

amount in controversy was satisfied).

However, Defendant also points to case law from this district as well as trial verdicts and jury settlements in similar product liability cases where the amount in controversy exceeded the jurisdictional amount.  For instance, Defendant cites Butzberger v. Novartis Pharmaceutical Corp., Case No. 9:06-cv-80700-KLR, DE 25 (S.D. Fla. filed on July 20, 2006), where the amount in controversy was satisfied when the complaint alleged that a prescription medicine caused the plaintiff's liver cancer and the defendant showed "that $75,000 is much lower than the amounts Florida juries routinely award plaintiffs in product personal injury suits." Butzberger, Case No. 9:06-cv-80700-KLR, DE 25 at 5.  Similarly, here, Defendant lists four similar product liability cases resulting in settlements and jury verdicts well-above $75,000.  See Resp. at 3-5 (listing Florida state and federal cases resulting in settlements of $1,375,000.00 and $800,000 and jury verdicts of $225,000 and $500,000).  These settlements and jury verdicts, together with the Butzberger decision and the allegations in Plaintiff's Complaint, demonstrate that it is more likely than not that the amount in controversy exceeds the $75,000 threshold.[2]  Therefore, diversity jurisdiction exists, and the Court will deny the Motion to Remand.

---

[2] In Defendant's Reply [DE's 24, 26] in support of its Amended Motion to Transfer Venue for Forum Non Conveniens [DE 13], Defendant submitted Plaintiff's medical bills, which total approximately $108,238.95.  For some unexplained reason, Defendant did not submit the medical bills with its Response to the instant Motion to Remand.  Regardless, in accordance with the above discussion, Defendant has already met its burden in opposition to remand.

## III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court [DE 9] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF